UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------X

SOPHIE WELISCH,

        Plaintiff

  -against-

UNITED STATES OF AMERICA,

        Defendant.

-----------------------------X



JUL -2 2007

COMPLAINT

-CIV-

**BRIEANT**

**07 CIV. 6165**

      Plaintiff, Sophie Welisch, by her attorneys, MacCARTNEY, MacCARTNEY, KERRIGAN & MacCARTNEY, complaining of the defendant, the United States of America, respectfully shows to the Court and alleges:

<u>JURISDICTION AND VENUE</u>

      FIRST:   At all times hereinafter mentioned, the plaintiff, Sophie Welisch, is a citizen of the State of New York residing at 2 Hughes Street, Congers, New York.

      SECOND:   Upon information and belief, at all times hereinafter mentioned, the United States Postal Service was and still is a federal agency or department within the meaning of the Federal Tort Claims Act, 28 U.S.C. § 2671 <u>et seq.</u> and pursuant to 28 U.S.C. §2674, the United States shall be liable, respecting the provisions of the Act relating to Tort Claims, in the same manner and to the same extent as a private individual under like circumstances for personal injury and damages caused by the

IACCARTNEY, MacCARTNEY,
KERRIGAN & MacCARTNEY
ATTORNEYS AT LAW
NYACK, NEW YORK 10960

negligent or wrongful act or omission of the United States Postal Service and its employees acting within the scope of their office or employment.

THIRD:  At all times hereinafter mentioned, as more fully hereinafter alleged, the plaintiff has sustained personal injuries and other damages which were caused by the negligent and wrongful acts and omissions of the United States Postal Service and/or its employees acting within the scope of their office or employment under circumstances where the United States, if a private person, would be liable to the plaintiff in accordance with the law of the place where the act or omission occurred and this action arises under the Federal Tort Claims Act, 28 U.S.C. §2671, et seq.

FOURTH:  At all times hereinafter mentioned, the plaintiff, Sophie Welisch resides in this judicial district and the events which gave rise to this claim for relief occurred in this judicial district and by reason thereof, the Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1346(b) and venue in this district is proper pursuant to 28 U.S.C. §1402(b).

<u>AS AND FOR A CLAIM FOR RELIEF</u>

FIFTH:  Upon information and belief, prior to February 13, 2006, for good and valuable consideration, a lease was made and entered into by and between Herman M. Scheu, as lessor, and the United States Postal Service, as lessee, wherein

and whereby the United States Postal Service leased certain lands and premises containing a one story masonry building and parking lot located at 14 Old Haverstraw Road, Congers, New York for a fixed term of 5 years beginning July 1, 2003 and ending June 30, 2008 for use as the United States Postal Service Congers-Main Office (351810-001). The aforesaid lease specifically provided "The Postal Service shall maintain the parking lot and take care of all snow removal from its premises". A copy of the aforesaid lease is annexed hereto and incorporated herein as Exhibit "A".

SIXTH: At all times hereinafter mentioned, the aforesaid parking lot was utilized by customers of the Post Office and others lawfully on the premises to park their vehicles and to access the Post Office building and as the exclusive possessor of said premises under the terms of the lease, as well as by virtue of the lease provisions, the Postal Service had the duty to exercise reasonable care in maintaining the property in a reasonably safe condition and to remove snow and ice within a reasonable time after the cessation of storms or temperature fluctuations which created dangerous icy conditions thereon, to salt and sand the parking lot or warn customers and other pedestrians whose presence thereon was foreseeable not to use said parking lot and to warn said customers and other pedestrians whose presence thereon was foreseeable of the danger created by the presence of ice on the surface of the parking lot.

SEVENTH: Upon information and belief, at all times

MacCARTNEY, MacCARTNEY,
KERRIGAN & MacCARTNEY
ATTORNEYS AT LAW
NYACK, NEW YORK 10960

hereinafter mentioned, prior to February 13, 2006, the United States Postal Service had both actual and constructive notice that snow and ice storms caused snow and ice to accumulate on the surface on the aforesaid parking lot thereby creating a dangerous and hazardous condition which was aggravated and exacerbated by improper and incomplete plowing and piling snow at the perimeter of the lot. The United States Postal Service had further actual and constructive notice that the dangerous and hazardous condition arising as a result of the presence of snow and ice on the lot was aggravated and exacerbated by driving of Postal Service vehicles and the vehicles of others thereon and was aggravated by fluctuations in temperature which caused snow and ice which accumulated on the parking lot surface and which was improperly or inadequately removed therefrom to thaw and re-freeze on recurrent basis. The United States Postal Service further had actual and constructive notice that, as a result of the manner in which the parking surface was graded and pitched, snow that was plowed to the perimeter of the parking lot was subject to thawing thereby causing the melted snow and ice to drain across the parking lot to the storm drain located therein and, in the process of doing so, re-freeze on the parking lot surface when temperatures dropped.

EIGHTH:   At all times hereinafter mentioned, on the morning of February 13, 2006, prior to the plaintiff's accident as hereinafter alleged, the surface of the aforesaid parking lot was in an icy condition.

NINTH:    At all times hereinafter mentioned, on the morning of February 13, 2006, prior to the plaintiff's accident as hereinafter alleged, the United State Postal Service, its agents, servants and employees had notice that the surface of the aforesaid parking lot was in an icy condition.

TENTH:    At all times hereinafter mentioned, on the morning of February 13, 2006, prior to the plaintiff's accident as hereinafter alleged, the United State Postal Service, its agents, servants and employees had notice that the surface of the aforesaid parking lot was in an icy condition and failed to exercise due care to remedy the situation within a reasonable time after the dangerous condition was created, failed to close the parking lot until the situation could be remedied and failed to warn the plaintiff thereof.

ELEVENTH:    At all times hereinafter mentioned, on or about February 13, 2006, at about 10:20 a.m., the plaintiff, Sophie Welisch, was lawfully on the premises leased, managed and controlled by the United States Postal Service located at 14 Old Haverstraw Road, Congers, New York when she was caused to slip and fall on the surface of the parking lot due to the dangerous and hazardous icy condition thereof and as a result of the foregoing the plaintiff sustained diverse and serious personal injuries and other damages.

TWELFTH:    At all times herein after mentioned, the plaintiff, Sophie Welisch's accident injuries and damages were

caused by the negligent or wrongful acts and omissions of the United States Postal Service, its agents servants and/or employees who were careless and negligent in failing to keep and maintain said premises and parking lot in a safe and proper condition; in improperly removing/attempting to remove snow and ice threat; in failing to remove/properly remove snow and ice threat; in causing; allowing and permitting said parking lot to be and remain in a dangerous and defective condition; in causing, allowing and permitting said parking lot to be remain icy and slippery; in failing to properly provide for safety and welfare of persons using said parking lot; in exposing the plaintiff and others to danger and harm; in failing to properly remedy and correct the aforementioned dangerous condition; in giving improper instructions/directions as to the removal or snow and ice; in carelessly and negligently plowing the snow and ice to the perimeter of the parking lot where it thawed, drained back onto the parking lot surface and re-froze on a recurrent basis thereby causing a recurrent dangerous and hazardous condition to exist; in failing to remove snow and ice which accumulated on the parking lot surface on a recurrent bases within a reasonable time after the Postal Service had both actual and constructive notice thereof; in failing to treat the surface of the parking lot with melting compounds; in failing to apply sufficient melting compounds to the surface of the parking lot to remedy the condition and make the area safe; in failing to treat the surface

of the parking lot with salt and sand; in failing to apply sufficient salt and sand to the surface of the parking lot to remedy the condition and make the area safe; in failing to maintain, correct and repair the drainage system of the building into said parking lot; in failing to maintain, correct and repair the drainage system in said parking lot near where vehicles parked and where pedestrians walked; in allowing a drainage system to exist and empty out/drain into said parking lot; in failing to give any notice or warning of said dangerous condition existing thereat; in allowing and permitting said dangerous condition to exist and remain for a long and unreasonable period of time prior to the happening of the occurrence herein, in failing to close the lot to pedestrian traffic when the Postal Service knew or in the exercise of reasonable care should of known that the parking lot was in a dangerous and hazardous condition that the lot should have been closed; in failing to properly inspect the parking lot on a regular systematic basis when the Postal Service knew or in the exercise of reasonable care should of known that the parking lot surface was subject to recurrent icing if it was not maintained properly; in failing to properly instruct and supervise the Postal Service employees on proper means and methods of ice control; in failing to supervise Postal Service employees in the course of their activities with respect to snow and ice control and in being otherwise negligent.

THIRTEENTH:    At all times hereinafter mentioned, as a result of the accident, the plaintiff, SOPHIE WELISCH, sustained serious, severe and permanent personal injuries, including but not limited to, a highly displaced, left dorsally angulated comminuted intra articular fracture of the distal radius and ulna requiring an open reduction and internal fixation of the fracture using an Accumet volar precontoured locking plate after acceptable alignment of the fracture could not be achieved by closed reduction; severe injuries to the surrounding muscles, ligaments, tendons and nerves all of which caused weakness, deformity, loss of motion in the wrist, hand and digits, loss of sensation and scaring together with bone and soft tissue contusions of the left pelvis, hip and buttock.  The plaintiff   was confined to a hospital, bed and home; has incurred expenses for health care to alleviate the affects of said injuries; has suffered a permanent injury, endured pain and suffering and has suffered impairment of her enjoyment of life.

FOUREENTH:    The limited liability provisions of the New York CPLR Article 16 do not apply herein.

FIFTEENTH:  At all times hereinafter mentioned and on or about December 18, 2006, a Claim For Damage, Injury or Death with respect to the above matter was served upon the United States Postal Service, an agency of the defendant, the United States of America, on behalf of the plaintiff in the amount of ONE MILLION ($1,000,000) DOLLARS.  A copy of the aforesaid claim for damage

injury or death is annexed hereto and incorporated herein as Exhibit "B".

SIXTEENTH:    At all times hereinafter mentioned and on or about February 9, 2007, the defendant, United States of America, by and through its agent or department, the United States Postal Service, finally denied the aforesaid said claims of the plaintiff, Sophie Welisch, in writing.    A copy of the aforesaid denial is annexed hereto and incorporated herein as Exhibit "C".

SEVENTEENTH:    At all times hereinafter mentioned , that by reason of the filing of the aforesaid claim and the final denial thereof in writing all and conditions and requirements precedent to the commencement of this action have been complied with.

EIGTHEENTH:    At all times hereinafter mentioned less than six months have elapsed since the final denial of the plaintiff's claim and this action has been commenced within the time provided and pursuant to 28 U.S.C §2401(b).

NINETEENTH:    By reason of the forgoing premises, the plaintiff, Sophie Welisch, has sustained personal injuries and damages in an amount not exceeding ONE MILLION ($1,000,000) DOLLARS.

WHEREFORE, plaintiff, Sophie Welisch, demands judgment against the defendant, United States of America, in a sum not exceeding ONE MILLION ($1,000,000) DOLLARS together with costs and disbursements of this action and reasonable attorney's fees.

Dated:     Nyack, New York
           June 28, 2007

                              MacCARTNEY, MacCARTNEY,
                              KERRIGAN & MacCARTNEY

                    BY:      _____
                              Harold Y. MacCartney, Jr.
                              (HM - 9949)
                              Attorneys for Plaintiff
                              Office and Post Office Address
                              13 North Broadway
                              P.O. Box 350
                              Nyack, New York 10960
                              (845) 358-0074