MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
Attorney for Defendant
By: JOHN D. CLOPPER
Assistant United States Attorney
86 Chambers Street
New York, New York 10007
Tel. No. (212) 637-2716
Fax No. (212) 637-0033

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SOPHIE WELISCH,

        *Plaintiff*,

v.

UNITED STATES OF AMERICA,

        *Defendant*.

**ANSWER**

07 Civ. 6165 (CLB)

**ELECTRONICALLY FILED**

      Defendant United States of America, by its attorney, Michael J. Garcia, United States Attorney for the Southern District of New York, respectfully answers plaintiff's complaint on information and belief as follows:

      1.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the complaint.

      2.    Paragraph 2 of the complaint sets forth conclusions of law to which no response is required.

      3.    Denies the allegations contained in paragraph 3 of the complaint.

4. Paragraph 4 of the complaint sets forth plaintiff's allegations of jurisdiction and venue to which no response is required. To the extent a response is required, defendant United States of America denies the allegations contained in this paragraph, except defendant United States of America denies knowledge or information sufficient to form a belief as to the truth of the allegation that plaintiff resides in this judicial district.

5. The allegations contained in paragraph 5 of the complaint set forth conclusions of law to which no response is required and defendant respectfully refers the Court to the lease annexed to the complaint as Exhibit A for a true and complete statement of its provisions.

6. The allegations contained in paragraph 6 of the complaint set forth conclusions of law to which not response is required. To the extent a response is required, defendant denies the allegations contained in paragraph 6 of the complaint, except avers that customers were permitted to park only in a portion of the parking lot, and refers the Court to the lease annexed to the complaint as Exhibit A for a true and complete statement of its provisions.

7. Denies the allegations contained in paragraph 7 of the complaint.

8. Denies the allegations contained in paragraph 8 of the complaint.

9. Denies the allegations contained in paragraph 9 of the complaint.

10. Denies the allegations contained in paragraph 10 of the complaint.

11. Denies the allegations contained in paragraph 11 of the complaint.

12. Denies the allegations contained in paragraph 12 of the complaint.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the complaint.

14. The allegations contained in paragraph 14 of the complaint set forth conclusions of law to which not response is required. To the extent a response is required, defendant denies the allegations contained in paragraph 14 of the complaint.

15. Denies the allegations contained in paragraph 15 of the complaint, except admits that an administrative claim was presented to the United States Postal Service on behalf of the plaintiff, in the amount of $1,000,000, and avers that such claim was received on December 22, 2006.

16. Admits the allegations contained in paragraph 16 of the complaint, and respectfully refers the Court to the letter denying plaintiff's claim, which is annexed to the complaint as Exhibit C.

17. Paragraph 17 of the complaint sets forth conclusions of law to which no response is required. To the extent a response is required, defendant United States of America denies the allegations contained in this paragraph.

18. Paragraph 18 of the complaint sets forth conclusions of law to which no response is required. To the extent a response is required, defendant United States of America denies the allegations contained in this paragraph, except admits that less than six months elapsed between the date of the final denial of the plaintiff's administrative claim and the filing of the complaint.

19. Denies the allegations contained in paragraph 19 of the complaint.

### FIRST DEFENSE

Plaintiff's damages, if any, are due in whole or in part to the acts or omissions of others, known or unknown, over whom defendant United States of America exercised no control.

## SECOND DEFENSE

Plaintiff's damages were not proximately caused by acts or omissions attributable to the defendant United States of America.

## THIRD DEFENSE

Plaintiff's claims are subject to, and limited by, the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq.*

## FOURTH DEFENSE

Plaintiff's recovery, if any, must be reduced pursuant to the collateral source statute. N.Y. Civ. Prac. L. & R. § 4545(c).

## FIFTH DEFENSE

In the event that defendant United States of America is found to be negligent, which negligence defendant United States of America denies, the negligence of the plaintiff or other parties contributed to causing plaintiff's injuries, and any recovery must be proportionately reduced.

## SIXTH DEFENSE

Defendant is not liable for damages not recoverable under 28 U.S.C. § 2674.

## SEVENTH DEFENSE

Plaintiff has failed to mitigate her damages.

## EIGHTH DEFENSE

Neither the United States of America nor any of its agents or employees had actual or constructive notice of the matters alleged in the complaint.

## NINTH DEFENSE

Plaintiff had knowledge of and voluntarily assumed the risks incident to the matters alleged in the complaint. The injuries alleged by plaintiff were caused by and arose out of such risks.

## TENTH DEFENSE

Plaintiff's recovery, if any, is limited by N.Y. Civ. Prac. L. & R. § 1601(1).

## ELEVENTH DEFENSE

Any and all risks, hazards, defects and/or dangers alleged were in an open, obvious and apparent nature and were or should have been known to plaintiff.

## TWELFTH DEFENSE

Plaintiff's claims are barred by the storm-in-progress rule.

WHEREFORE, defendant United States of America demands judgment dismissing plaintiff's complaint and granting such further relief as this Court deems proper, including costs and disbursements.

Dated: New York, New York
      August 31, 2007

                    MICHAEL J. GARCIA
                    United States Attorney for the
                    Southern District of New York
                    Attorney for Defendant United States of America

By: \_\_\_\_/s/ John D. Clopper_____
     JOHN D. CLOPPER
     Assistant United States Attorney
     86 Chambers Street
     New York, New York 10007
     Tel.: (212) 637-2716
     Fax: (212) 637-0033

TO:   Harold Y. MacCartney
      MacCartney, MacCartney, Kerrigan & MacCartney
      13 North Broadway
      P.O. Box 350
      Nyack, New York 10960

   *Attorney for Plaintiff*